UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KEITH LITCHFIELD, ANDREW WASHKO, NARCISO MARTINEZ, ROMONA HEFNER, and KEVIN BAKER,

    Plaintiffs,

v.                       Case No: 2:15-cv-266-FtM-29CM

DARLENE POWELL,

    Defendant.

---

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss Second Amended Complaint (Doc. #11) filed on June 5, 2015. Plaintiffs filed a Partial Objection to Motion for Summary Judgment *[sic]* and Request for Remand (Doc. #15) on July 5, 2015. Defendant filed a Reply (Doc. #18) on July 16, 2015. This matter is ripe for review.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

According to the Second Amended Complaint, plaintiffs are current and former employees of the Bay Pines, VA Health Care System (Bay Pines VA). Plaintiffs allege that their supervisor, Darlene Powell, Chief of Safety Services for the Bay Pines VA, refused to take action to address environmental health problems, which they connect to an outbreak of Legionaries' Disease. (Doc. #10, ¶¶ 4-5.) Plaintiffs allege Powell responded to their concerns by attacking them with "bogus disciplinary actions, threats, bringing a termination action and actually firing one of them." (Id. ¶ 7.) According to plaintiffs, Powell worked with the Veteran Affairs Police Department to harass some of the plaintiffs. (Id. ¶¶ 41-49.) Plaintiffs allege Powell took these actions to silence plaintiffs and prevent them from disclosing "gross mismanagement and bad conduct." (Id. ¶ 24.) Plaintiffs allegedly suffered injuries including "loss of sleep, anxiety, exacerbation of high blood pressure, gastritis, exacerbation to extant medical conditions and stress." (Id. ¶ 29.)

Plaintiffs filed this action in state court alleging claims of intentional infliction of emotion distress and defamation against Powell. Pursuant to 28 U.S.C. § 2679, the United States Attorney certified that Powell was acting within the course and scope of her employment as an employee of the Department of Veterans Affairs. (Docs. ##1-2.) The action was removed to

federal court (Doc. #1) and the United States was substituted as the sole defendant in this action (Doc. #3).  <u>See</u> 28 U.S.C. § 2679(d)(2).

Plaintiffs filed a Second Amended Complaint alleging claims for (1) intentional infliction of emotion distress (Count I); (2) defamation (Count II); (3) negligent hiring/supervision and retention under Florida common law (Count III); and (4) failure to train/supervise under the Civil Rights Act (Count IV). (Doc. #10.)

Defendant asserts Counts I, II, and III are barred by sovereign immunity and seeks to dismiss Counts I-III of plaintiffs' Second Amended Complaint for lack of jurisdiction. Defendant seeks dismissal of Count VI for failure to state a claim for relief. In the alternative, defendant seeks to stay the action pending a determination whether the Federal Employees Compensation Act (FECA) applies. (Doc. #11.)

In their response, plaintiffs request the original complaint against Powell be remanded to state court. (Doc. #15.) Plaintiffs stipulate that Count IV, failure to train/supervise under the Civil Rights Act, should be dismissed. (<u>Id.</u>) Plaintiffs also state they do not intend to pursue claims under FECA. (<u>Id.</u>) Defendant filed a reply opposing plaintiffs' request for remand. (Doc. #18.)

**III.**

**A. Plaintiffs' Request for Remand**

As an initial matter, plaintiffs request the original complaint against Powell be remanded to state court. (Doc. #15.) Defendant responds that so long as Powell was acting within the scope of her employment the exclusive remedy available to plaintiffs is a lawsuit against the United States. (Doc. #18.) Defendant asserts that plaintiffs have failed to meet their burden of proving that Powell was acting outside the scope of her employment, and thus remand is not appropriate. The Court agrees.

A scope of employment certification is subject to judicial review. Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 420, 115 S. Ct. 2227, 132 L. Ed. 2d 375 (1995). While the "certification is prima facie evidence that the employee acted within the scope of his employment," the issue must be decided de novo. Flohr v. Mackovjak, 84 F.3d 386, 390 (11th Cir. 1996) (citation omitted). "However, the burden of altering the status quo by proving that the employee acted outside the scope of employment is ... on the plaintiff." Id. (quotation and alterations omitted).

"The question of whether an employee's conduct was within the scope of his employment is governed by the law of the state where the incident occurred." Id. (quotation omitted). Under Florida law, "[c]onduct is within the scope of one's employment ... if it is the type of conduct that the employee is hired to perform, the

5

conduct occurs substantially within the time and space limits authorized or required by the job, and the conduct is activated at least in part by the employee's purpose to serve his or her employer." Thomas v. Tampa Bay Downs, Inc., 761 So.2d 401, 404 (Fla. 2d DCA 2000).

Plaintiffs do not present evidence or argument that Powell's actions were outside the scope of her employment. Rather, plaintiffs argue that they filed in state court because they want to bring intentional tort claims against Powell, not the government. (Doc. #15, p. 3.) Plaintiffs allege that substituting the United States as the defendant deprives them of their remedy against Powell for her extreme, outrageous, and intentional conduct. (Id. at 4.) Plaintiffs provide no authority in support of their position that this would justify not allowing the substitution of the United States for its employee.

Defendant submits the Declaration of Kristine Brown, Associate Director of the Bay Pines VA, who states that the actions alleged in this suit concern the management of the Emergency Management Service and were within the scope of Powell's employment as Chief Safety/Emergency Management Service with the Bay Pines VA. (Doc. #18-1.) Plaintiffs have failed to submit evidence or make argument that Powell was acting outside the scope of her employment, thus plaintiffs have failed to satisfy their burden of proof. The Court finds Powell's conduct is the result of her

responsibilities as an employee of Bay Pine VA. Furthermore, Powell's conduct was activated at least in part by her role as Chief of Safety Services for the Bay Pines VA, and it is undisputed that the majority of Powell's actions occurred at Bay Pines VA during work hours. Therefore, the Court finds Powell's actions were within the scope of her employment.

Because Powell was acting within the scope of her employment, the United States was properly substituted as a party defendant. Consequently, with respect to the tort claims, plaintiffs' exclusive remedy against Powell is pursuant to the FTCA. See 28 U.S.C. § 2679.4.

**B. Defendant's Motion to Dismiss**

Defendant seeks to dismiss Counts I-III for failure to exhaust administrative remedies and Count IV for failure to state a claim for relief. Defendant also asserts Count II is barred by 28 U.S.C. § 2680(h).

"It is well settled that sovereign immunity bars suits against the United States except to the extent that it consents to be sued." Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999). The FTCA provides a "limited waiver" of this sovereign immunity, "making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" JBP

7

Acquisitions, L.P. v. United States ex rel. FDIC, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)(1)). FTCA liability attaches "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). In other words, "[t]he FTCA was designed to provide redress for ordinary torts recognized by state law." Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001) (internal quotation marks and citations omitted). In analyzing an FTCA claim, the court applies the law of the state where the alleged tort occurred. Lambert v. United States, 198 F. App'x 835, 838 (11th Cir. 2006) (citing Stone v. United States, 373 F.2d 1129, 1130 (11th Cir. 2004)).

### 1. Exhaustion Requirement for FTCA Claims

A prerequisite to filing suit under the FTCA is that "[a]n action shall not be instituted ... unless the claimant [has] first presented the claim to the appropriate Federal agency and [their] claim [has] been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). See Turner ex rel. Turner v. United States, 514 F.3d 1194, 1200 (11th Cir. 2008). See also Dalrymple v. United States, 460 F.3d 1318, 1324 (11th Cir. 2006); Pompey v. Coad, 314 F. App'x. 176, 179 (11th Cir. 2008) ("A claimant under the FTCA, however, must meet certain exhaustion requirements before a federal court may exercise

8

jurisdiction over a suit under the FTCA, including presentation of a claim to the appropriate agency and denial of the claim by the agency."). This administrative prerequisite is jurisdictional and cannot be waived. Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237 (11th Cir. 2002) (administrative notice requirement is jurisdictional and not subject to waiver); Lykins v. Pointer, Inc., 725 F.2d 645, 646 (11th Cir. 1984) (same).[1]

In response to defendant's motion to dismiss, plaintiffs object to the removal of the case to this Court but do not dispute defendant's contention that they have failed to exhaust their administrative remedies. (Doc. #15.) Plaintiffs do not allege that they filed an administrative claim with the appropriate authorities. Therefore, plaintiffs have not sufficiently established that the prerequisite has been satisfied. See Lykins, 725 F.2d at 646 (a plaintiff must provide proof that she satisfied the jurisdictional requirements to institute suit against the government). See also Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994) ("A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency."). Therefore, plaintiffs have failed to exhaust their administrative remedies

---

[1] Even if not jurisdictional, the exhaustion requirement is a claims-processing rule which must be satisfied if asserted by the government.

and defendant's motion to dismiss for failure to exhaust administrative remedies as to Counts I-III is granted without prejudice.

### 2. Count II: Defamation

Defendant also argues that Count II, plaintiff's defamation claim, should be dismissed with prejudice because it is not cognizable under the FTCA. The Court agrees. FTCA provides that the grant of jurisdiction under § 1346 "shall not apply to ... [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, *libel, slander*, misrepresentation, deceit, or interference with contract rights[.]" 28 U.S.C. § 2680(h) (emphasis added). Therefore, any claims of defamation are expressly excluded from the FTCA's limited waiver of sovereign immunity, and must be dismissed for lack of subject matter jurisdiction. See id.; see also Nadler v. Mann, 951 F.2d 301, 304 (11th Cir. 1992). Accordingly, Count II is dismissed with prejudice.

### 3. Count VI: Failure to Train/Supervise under the Civil Rights Act

Finally, defendant asserts that Count VI, plaintiffs claim under 42 U.S.C. § 1983 for failure to train/supervise should be dismissed because it fails as a matter of law. (Doc. #11, p. 6.) Plaintiffs agree and stipulate to the dismissal of this claim (Doc.

10

#15, p. 5.)  Accordingly, the Court dismisses Count VI with prejudice.

Accordingly, it is now

**ORDERED:**

1.  Defendant's Motion to Dismiss Second Amended Complaint (Doc. #11) is **GRANTED as follows:** Counts I and III are dismissed **without prejudice;** and Counts II and VI are dismissed **with prejudice**.

2.  The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __4th__ day of March, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record